Frederick L. Whitmer (FW 8888)
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8773
Facsimile: (212) 775-8821
fwhitmer@kilpatricktownsend.com

Theodore H. Davis Jr. (TD1103)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555
E-mail: tdavis@kilpatricktownsend.com;

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ACE GROUP INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>CONVIVIALITY, INC. D/B/A CAFE FLORA CORPORATION,<br><br>Defendant. | Case No.  1:19-cv-11188 _____<br><br>**COMPLAINT** |

Plaintiff Ace Group International, LLC ("Plaintiff" or "AGI") states the following for its Complaint against Defendant Conviviality, Inc. D/B/A Cafe Flora Corporation ("Defendant" or "Conviviality"):

## NATURE OF THE ACTION

1. This civil action seeks declaratory relief against Defendant, which has alleged that Plaintiff's use of Plaintiff's New York-only restaurant name, "Floret," infringes upon Defendant's registered FLORET mark.

2. Defendant has alleged in writing (the "Letter") that it owns prior rights in the mark FLORET, and thus, Plaintiff infringes Defendant's FLORET mark and must change the name of its restaurant.

3. Defendant further provided a deadline for compliance and demanded that Plaintiff provide a "written assurance, no later than October 31, 2019," that AGI will respect Conviviality's prior trademark rights and "make a suitable change to a name not identical or confusingly similar to" the FLORET mark.

4. Plaintiff seeks a declaration that it need not discontinue use of the name "Floret" for its New York City-based restaurant because Defendant uses its FLORET mark only in the geographically remote market of Seattle, Washington, and confusion therefore is unlikely.

## THE PARTIES

5. Plaintiff Ace Group International LLC is Delaware corporation with a principal place of business at 7 W. 30th Street, 12th Floor, New York, New York 10001. AGI operates a hotel and a restaurant named "Floret" within that hotel in Manhattan that is at issue in this case.

6. On information and belief, Defendant Conviviality, Inc. is, and at all relevant times was, a Washington state corporation doing business as "Cafe Flora Corporation," with a principal place of business at 2901 East Madison Street, Seattle, Washington 98112.

**JURISDICTION AND VENUE**

7.  This action for declaratory relief arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), United States trademark laws (15 U.S.C. §§ 1051 *et seq.*), and related state law.

8.  The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1338(a), § 1338(b) and 15 U.S.C. § 1121.

9.  The Court possesses personal jurisdiction over Defendant because it purposefully availed itself to the laws and protections of the state of New York by sending a Letter attempting to interfere with the business operations of Plaintiff. Defendant sent the Letter with the intent to cause an LLC with a principal place of business in New York to take affirmative action to change its restaurant name despite any contracts it may have already had in relation to the name "Floret."

10. Defendant attempted to influence business in New York by sending the Letter to Plaintiff.

11. Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this judicial district, namely, Defendant's Letter was directed at New York (and specifically, Manhattan) and demanded that Plaintiff take action in New York.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A.  **Plaintiff's Use of "Floret" and Rights in New York**

12. Plaintiff owns and operates Sister City, a 200-room boutique hotel located in the Lower East Side of New York City. The hotel opened in March of 2018.

13. With the opening of the Sister City hotel, Plaintiff also opened two on-property restaurants and bars—one under the name "Floret" and the other under the name "Last Light."

14. Plaintiff's Floret restaurant focuses on seasonal Mediterranean, East Asian, and North African inspired cuisine created by two award-winning chefs—Chef Joe Ogrodnek and Executive Chef Andrew Whitcomb. The upscale all-day restaurant is integrated into the neighborhood and looks and feels distinctly New York with a menu that spotlights local ingredients, produce, and meat.

15. Plaintiff's Floret restaurant offers various animal proteins on its current menu, including pancetta, roasted chicken, steak, and lamb shank. Seven of the eight entrée options on the dinner menu for Plaintiff's Floret restaurant feature an animal protein. *See* Exhibit 1 (printouts of current menus).

16. Plaintiff's Floret restaurant also offers craft cocktails and happy hour specials, and has ample indoor and outdoor patio seating and a clean, chic atmosphere, as shown below:



4



17. Plaintiff's Floret restaurant provides an upscale experience, with reservations recommended and dinner entrees ranging in price from $19 to $42 and starters ranging between $14 and $16.

18. Plaintiff's Floret restaurant has one location—within the Sister City hotel in New York City.

19. By using "Floret" as a mark for its restaurant services and as a tradename in Manhattan, Plaintiff has acquired service mark rights in FLORET locally in New York City and the state of New York.

**B.     Defendant's FLORET Rights Outside of New York and its Letter to Plaintiff**

20. Defendant is the owner and operator of what it characterizes as The Café Flora Family, consisting of two restaurants and a wholesale bakery that provides baked goods to the two restaurants.

21.     The Café Flora Family, as defined by Defendant, includes the Café Flora restaurant, the Floret by Café Flora restaurant, and the Flora Bakehouse. Both of the restaurants and the bakery operate in a single location in Seattle, Washington. On information and belief, Café Flora is located at 2901 E. Madison Street, Seattle, Washington 98112; Floret by Café Flora is located in the Sea-Tac Airport; and Flora Bakehouse is located in Seattle, Washington but it is currently not open to the general public.

22.     On information and belief, Defendant has owned and operated Café Flora since 2008, however, based on prior ownership dating back 30 years, Defendant describes Café Flora as a Seattle institution. In contrast to Café Flora, Defendant's Floret restaurant opened in the airport in February of 2018. On information and belief, Defendant wants its airport location to reap the goodwill of its flagship restaurant, Café Flora.

23.     Defendant uses the Café Flora restaurant name along with the name Floret so that the public immediately associates the new restaurant with more established Café Flora restaurant. For example:

      a.     The large sign hanging toward the front of Defendant's restaurant reads "Floret by Cafe Flora," as shown below:



b.      As featured on Defendant's website and shown below in the bottom graphic, https://cafeflora.com/restaurant/floret, the logo for Defendant's restaurant also includes "by Cafe Flora":



c.      Defendant's menu prominently features the name of the restaurant as "Floret by Cafe Flora," as shown in the below screen shots from the current dinner menu (a copy of the full lunch and dinner menu is attached as Exhibit 2):

7

Floret by Cafe Flora is committed to partnerships with local farms & vendors to provide you fresh, sustainable vegetarian & vegan fare while highlighting the natural bounty of the Pacific Northwest.



      d.      Defendant's Floret by Cafe Flora restaurant does not have a website of its own. Rather, it is part of the Café Flora website accessible using the domain name www.cafeflora.com. That website identifies Floret as a member of the Café Flora Family.

24. The Floret by Cafe Flora restaurant serves only vegetarian food, as further shown by the current menus, which do not feature any meat or fish options. *See* Exhibit 2.

25. Defendant touts its relationships with Washington state farms and use of locally grown produce to create vegetarian, vegan, and gluten-free cuisine for the restaurants in The Café Flora family. On information and belief, the Floret by Cafe Flora restaurant focuses on Pacific Northwest-style local vegetarian, vegan, and gluten-free cuisine. *See* Exhibit 3 ("About" Floret by Cafe Flora webpage).

26. The Floret by Cafe Flora restaurant features only two menus, and entrée items from the combined lunch and dinner menu range between $17 and $19, with multiple sandwiches and salads offered for $7.25 to $17 for dinner. *See* Exhibit 2.

27. On information and belief, the Floret by Cafe Flora restaurant features all indoor seating and a prominent grab-and-go counter (shown above) selling snacks and gifts geared toward its airport traveler clientele.

28. On October 16, 2019, Defendant sent counsel for Plaintiff a letter, a copy of which is attached as Exhibit 4.

29. In the letter, Defendant claimed rights in the mark FLORET and alleged it owns a trademark registration for that mark with the United States Patent and Trademark Office in association with "restaurant services."

30. Defendant alleged that Plaintiff's use of "Floret" as the name of its restaurant located in New York City as part of the Sister City hotel infringes the FLORET mark owned by Defendant for a restaurant located in Seattle, Washington, and demanded that Plaintiff change its restaurant name. In doing so, Defendant requested Plaintiff to provide a written assurance "no later than October 31, 2019" that Plaintiff would change the name of its restaurant. Plaintiff's letter therefore creates a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. On information and belief, the Floret by Cafe Flora restaurant has only one location, in the Seattle airport, and Defendant has no intention and has taken no concrete steps to expand into the geographically remote market of New York, or more specifically, New York City.

32. On information and belief, Defendant has never advertised or promoted Defendant's restaurant in the state of New York and has not otherwise used its FLORET mark in the state of New York. Defendant thus does not qualify for relief pursuant to NY GEN. BUS. L. § 360-L.

33. Defendant's FLORET mark and the Floret by Cafe Flora restaurant are not famous in New York or outside of New York. Defendant's FLORET mark is therefore not protectable in the first instance pursuant to 15 U.S.C. § 1125(c).

34. On information and belief, Defendant's FLORET mark and Defendant's Floret by Café Flora restaurant are not well known in the state of New York or in Manhattan.

35. On information and belief, Defendant has no intention to expand its Floret restaurant concept into New York or use its FLORET mark in the state of New York or in Manhattan.

36. To the extent Defendant's registration provides it with nationwide constructive priority, that registration does not confer upon Defendant the right to pursue injunctive or other relief against Plaintiff's use of "Floret" in the geographically remote market of New York.

37. Because of the geographic distance between Plaintiff and Defendant's respective restaurants, there is no likelihood of confusion between Defendant's use of its FLORET mark and Plaintiff's use of "Floret" for its restaurant name.

**FIRST CLAIM FOR RELIEF**
**(Declaration of No Trademark Infringement Or Unfair Competition By Plaintiff Relating to Defendant's FLORET Mark)**

38. Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

39. An immediate, actual, and justiciable controversy exists between Plaintiff and Defendant with respect to Plaintiff's use of "Floret" and whether such use infringes or competes unfairly with Defendant and its FLORET mark because Defendant demanded that Plaintiff change its restaurant name and respond that it has done so within a limited time.

40. Plaintiff denies it has infringed, competed unfairly, or in any way violated (or that it is currently infringing, competing unfairly, or in any way violating) any of Defendant's rights in its FLORET mark.

41. No likelihood of confusion exists or has ever existed with respect to Defendant's FLORET mark and the associated services offered thereunder and Plaintiff's use of "Floret" and the associated services offered thereunder.

42. Plaintiff only uses "Floret" in association with restaurant services in New York, and Defendant only uses its FLORET mark in association with restaurant services in the geographically remote market of Washington state.

43. Plaintiff and Defendant further offer different restaurant services, with Defendant focusing on a vegetarian concept in an airport, and Plaintiff focusing on animal protein-forward cuisine in a hotel in New York City.

44. Plaintiff is unaware—and, on information and belief, Defendant is unaware—of any actual confusion resulting from Plaintiff's use of "Floret" for its restaurant services.

45. The persistent uncertainties created by Defendant's allegations of infringement with respect to Plaintiff's legitimate use of "Floret" have damaged and continue to damage Plaintiff.

46. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Plaintiff requests this Court to declare that Plaintiff's use of "Floret" has not infringed, competed unfairly with, or otherwise violated any rights owned by Defendant in its FLORET mark at law or in equity, and that Defendant cannot enjoin Plaintiff's use of "Floret."

## PRAYER FOR RELIEF

Plaintiff therefore requests the Court to enter a judgment against Defendant:

1. finding that Plaintiff's use of "Floret" does not infringe or compete unfairly with any trademark or other rights held by Defendant, and that Defendant is without right or

authority to object to Plaintiff's use of "Floret" in New York on the basis of alleged trademark infringement, unfair competition, or other violation of Defendant's rights at law or in equity;

2. awarding Plaintiff its reasonable attorneys' fees and taxable costs; and

3. entering such other and further relief as the Court may deem just.

Dated: December 6, 2019

Respectfully submitted,

By: /s/ Theodore H. Davis Jr.

Theodore H. Davis Jr. (TD1103)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
E-mail: tdavis@kilpatricktownsend.com

Frederick L. Whitmer (FW 8888)
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8773
Facsimile: (212) 775-8821
fwhitmer@kilpatricktownsend.com

Attorneys for Plaintiff Ace Group International LLC